## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SUSAN J. ALAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. `10-1136-JWL-KMH` |
| | ) | |
| WICHITA AREA TECHNICAL COLLEGE, | ) | |
| SHEREE UTASH, SHAWNA BOYD, and | ) | |
| RACHEL BATES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### COMPLAINT

COMES NOW Plaintiff Susan J. Alamo, by and though her counsel, and for her causes of action against the Wichita Area Technical College, Sheree Utash, Shawna Boyd and Rachel Bates, alleges and states as follows:

### PARTIES

1.     Plaintiff, Susan J. Alamo, is a resident of Kansas.

2.     Defendant Wichita Area Technical College ("WATC") is a public technical college governed by the Kansas Board of Regents.  WATC may be served with legal process to Ray Frederick, Interim President, Wichita Area Technical College, 301 South Grove, Wichita, Kansas 67211.

3.     Defendant Sheree Utash ("Utash") is an individual who may be served with legal process at her residence: 842 North Bristol Court, Wichita, Kansas 67206. This action is brought against defendant Utash in both her individual and official capacities.

4.     Defendant Shawna Boyd ("Boyd') is an individual who may be served with legal process at her place of employment: Wichita Area Technical College, 301 South Grove, Wichita, Kansas 67211. This action is brought against defendant Boyd in both her individual and official capacities.

5.     Defendant Rachel Bates ("Bates") is an individual who may be served with legal process at her place of employment: Wichita Area Technical College, Southside Education Center 4501 E. 47th St. S., Wichita, Kansas 67210.  This action is brought against defendant Bates in both her individual and official capacities.

## JURISDICTION AND VENUE

6.     This is an employment case arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq. ("FMLA"),* under Civil Rights laws, 42 U.S.C. § 1983 and under Kansas common law. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

7.     Plaintiff has fully exhausted her administrative remedies under the ADA and on April 1, 2010, plaintiff received a right-to-sue letter from the U.S. Equal Employment Opportunity Commission.

8.     The unlawful practices and actions alleged below were committed within the state of Kansas, and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

2

**FACTS**

9.     Plaintiff is a 44-year-old female and a disabled veteran of the Armed Forces of the United States.

10.     Plaintiff suffers from a permanent disability as a result of her service in the U.S. Air Force, which substantially impairs her ability to walk and stand.  For mobility, plaintiff uses a wheelchair and a cane.

11.     On January 3, 2008, plaintiff began employment with WATC as an instructor in the Accounting Program.  Plaintiff was first employed on a six-month contract.

12.     On June 1, 2008, plaintiff's contract with WATC was renewed for a one-year period.

13.     Plaintiff requested and received approved leave under the Family and Medical Leave Act for knee replacement surgery, commencing March 23, 2009, for a period of six weeks.  While plaintiff was on FMLA leave, WATC employed an adjunct instructor to teach plaintiff's classes.  During that period of time, plaintiff received short-term disability compensation under her employment benefits with WATC.

14.     On April 28, 2009, during plaintiff's FMLA leave, plaintiff was contacted by defendants Utash, Vice President of Academic Affairs and Learner Services, and Boyd, Human Resources Director, by telephone conference call / speaker phone.  Utash and Boyd terminated plaintiff's employment.  Utash stated that WATC was redesigning the Accounting program to be taught by adjunct instructors due to enrollment numbers and that plaintiff could reapply for a position as an adjunct instructor, which was part-time, paid less and did not offer full-time employment benefits.  Plaintiff reminded Utash and

3

Boyd that plaintiff was a disabled veteran, retired from the Air Force, and that she was qualified to teach the entire curriculum in the Business and Technology Program and the entire curriculum in the Avionics Program.

15.    Utash mailed to plaintiff written notice of her termination on April 30, 2009.

16.    Plaintiff was paid through the end of her contract by short-term disability insurance and the remainder by using 32 days of earned and accrued paid time.

17.    WATC continues to offer a full curriculum of Business and Accounting Classes and Avionics.  WATC continues to employ full time instructors in the programs.

18.    Throughout plaintiff's employment, plaintiff made multiple complaints about handicapped access at the facilities at which she was assigned to be instructor:

A.    When plaintiff began her employment at WATC, she was assigned to teach classes at the WATC Main Campus located at 301 South Grove, in Wichita.

B.    In July 2008, for medical reasons, plaintiff was using a manual wheelchair for mobility.  Due to multiple problems with wheelchair accessibility at the locations at the main campus, i.e., heavy doors, parking lot pot holes, and classes in different building, plaintiff's husband brought her to work and assisted her into the building.  Plaintiff's morning classes were in Building B and her afternoon classes were in Building C.  Plaintiff's husband returned at noon to assist her to get to Building C for afternoon classes and he returned at the end of the day to assist her in leaving.  When Utash learned that plaintiff's husband was assisting her to get around campus, Utash confronted plaintiff, asked plaintiff multiple questions about plaintiff's disability and told plaintiff to contact Human

4

Resources (HR) for assistance to get around campus.  Plaintiff contacted HR by email, and called HR several times, but assistance was not provided.  A student finally offered to help plaintiff. Plaintiff never heard from HR.  The next day, plaintiff's husband came to the campus at noon to assist plaintiff to the next building.  When Utash learned that plaintiff's husband was back on campus, Utash went berserk and told plaintiff's supervisor, Eddie Lotts, to tell plaintiff that if plaintiff did not follow "her orders" that plaintiff would be fired.  Plaintiff told Lotts that she knew her rights as a disabled person and that if the harassment did not stop, plaintiff would be left with no choice but to seek legal help.  After a few more days of a student helping plaintiff to get from building to building, the afternoon class was moved to Building B.

      C.      Subsequently, plaintiff was transferred to a different facility at Comotara.  The doorway to the office to which plaintiff was first assigned was so narrow, plaintiff could not enter the room in her wheelchair without skinning her knuckles.  Plaintiff complained and had to physically prove to Lotts that her wheelchair would not fit through the door without difficulty.  In addition, the new office did not have windows, while all of the other instructors' offices did, and the furniture was of a lesser quality than the furniture in the other instructor's offices.  To be spiteful, WATC moved furniture of a lesser quality into the new office, which actually made it less accessible than if WATC had left the original furniture in the office.

      D.      Since the Comotara Campus building had just been renovated, it should have been fully ADA compliant.  However, the only handicapped

5

automatic doors were located at the student entrance, near the student parking

lot.  The entrance near the instructor parking lot had two sets of storm doors that

opened into each other.  So, if plaintiff was in her wheelchair and wanted to go to

work by herself, plaintiff had to park in the student parking lot and use the

student entrance.  Also, many of the classrooms were not set up for wheelchair

accessibility.  Plaintiff's students actually had to move furniture in order for her to

get to the teacher's desk in several of the classrooms.

### CAUSES OF ACTION

### 1.  ADA DISCRIMINATION

19.      Plaintiff incorporates paragraphs 1 through 18 of this complaint.

20.      WATC unlawfully discriminated against plaintiff in her employment

because of her disability, a perceived disability, or a record of a disability, treating

plaintiff in a disparate manner from the treatment of employees who are not disabled;

by failing to provide reasonable accommodation, i.e., FMLA leave, by discharging

plaintiff from her employment during her annual contract and by failing to renew her

next annual contract.

WHEREFORE plaintiff Susan J. Alamo prays for judgment against defendant

WATC as follows:

A.      For damages in the amount of $250,000.00 to compensate plaintiff for

economic damages and pre-judgment interest;

B.      For statutory compensatory damages and punitive damages in the

amount of $300,000.00 for past and future non-pecuniary loss;

6

C.      For appropriate injunctive and/or equitable relief as this Court deems just and proper;

D.      For plaintiff's reasonable attorneys fees and the costs of this action;

E.      For declaratory judgment and for any such other and further relief this Court deems just and proper.

## 2. ADA RETALIATION

21.      Plaintiff incorporates paragraphs 1 through 20 of this complaint.

22.      WATC unlawfully retaliated against plaintiff in her employment because of a disability, perceived disability, or a record of a disability, by discharging plaintiff from employment during her contract and by failing to renew her next annual contract.

WHEREFORE plaintiff Susan J. Alamo prays for judgment against defendant WATC as follows:

A.      For damages in the amount of $250,000.00 to compensate plaintiff for economic damages and pre-judgment interest;

B.      For statutory compensatory damages and punitive damages in the amount of $300,000.00 for past and future non-pecuniary loss;

C.      For appropriate injunctive and/or equitable relief as this Court deems just and proper;

D.      For plaintiff's reasonable attorneys fees and the costs of this action;

E.      For declaratory judgment and for any such other and further relief this Court deems just and proper.

### 3.  FMLA ENTITLEMENT / INTERFERENCE

23.     Plaintiff incorporates paragraphs1 through 22 of this complaint.

24.     In March 2009, plaintiff had been employed by WATC for a period exceeding one year and plaintiff had worked in excess of 1,250 hours in the 12-month period immediately preceding her request for FMLA leave.

25.     Defendants WATC, Utash and Boyd are employers under the FMLA.

26.     Plaintiff's work absences in March and April 2009 were due to a serious health condition for which she was hospitalized and was incapacitated for a period exceeding three days.

27.     Plaintiff was entitled to FMLA leave because her own serious medical condition.

28.     Plaintiff properly followed WATC's procedures relating to notice, requesting and designating FMLA leave.

29.     Defendants WATC, Utash and Boyd willfully interfered with, restrained, and/or denied plaintiff's entitlement to rights under the FMLA, to wit, twelve workweeks of leave within the relevant fifty-two week period, by discharging plaintiff from employment while on approved FMLA leave.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants WATC, Utash and Boyd, jointly and severally, for the following relief:

A.      For damages in the amount of $250,000.00 to compensate plaintiff for economic damages and pre-judgment interest;

B.      For liquidated damages in an amount equal to economic damages awarded;

8

C.      For plaintiff's reasonable attorneys fees and the costs of this action;

D.      For any such other and further relief this Court deems just and proper.

### 4.  FMLA RETALIATION

30.     Plaintiff incorporates paragraphs1 through 29 of this complaint.

31.     Defendants WATC, Utash and Boyd unlawfully discriminated and retaliated against plaintiff for having requested and used FMLA leave by discharging plaintiff from employment during her annual contract year and by failing to renew her next annual contract.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants WATC, Utash and Boyd, jointly and severally, for the following relief:

A.      For damages in the amount of $250,000.00 to compensate plaintiff for economic damages and pre-judgment interest;

B.      For liquidated damages in an amount equal to economic damages awarded;

C.      For plaintiff's reasonable attorneys fees and the costs of this action;

D.      For any such other and further relief this Court deems just and proper.

### 5. CIVIL RIGHTS - DENIAL OF DUE PROCESS OF LAW (PROPERTY INTEREST), 42 U.S.C. § 1983

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint.

33.     Plaintiff had a property interest in employment under (1) a written contract of employment, (2) by virtue of right guaranteed to her under the ADA (3) by virtue of

9

rights guaranteed to her under the FMLA, and under Kansas Veterans' Preference laws.

34.     Defendants WATC, Utash and Boyd, under color of statute, regulation, custom or usage of the state of Kansas, subjected, or caused to be subjected, plaintiff Susan J. Alamo of rights, privileges, or immunities secured by the Constitution and laws of the United States, namely, a deprivation of a property interest in her employment without due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff Susan J. Alamo prays for judgment against defendants WATC, Utash and Boyd, jointly and severally, awarding her actual and compensatory damages in the amount of $750,000.00, for punitive damages against defendants Utash and Boyd, jointly and severally, in the amount of $250,000.00, for her attorney fees and costs and for such other and further relief as the court deems proper.

## 6. CIVIL RIGHTS - DENIAL OF DUE PROCESS OF LAW (TAKING),

## 42 U.S.C. § 1983

35.     Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint.

36.     During plaintiff's employment with WATC, plaintiff brought to her office at WATC 50 - 60 reference and text books relating to accounting and business management.  All of those text and reference books were personally owned by plaintiff.

37.     After plaintiff's discharge from employment, on June 18 or 19, 2009,

plaintiff made a demand for the return of those reference and text books to defendant Boyd.  Boyd told plaintiff that the books would not be returned to her.

38.     The text and reference books were known by plaintiff to last be in the possession of defendant Bates, Business and Technology Senior Learning Officer.

39.     Defendants WATC, Boyd and Bates, under color of statute, regulation, custom or usage of the state of Kansas subjected, or caused to be subjected, plaintiff Susan J. Alamo of rights, privileges, or immunities secured by the Constitution and laws of the United States, namely, a deprivation of property without compensation guaranteed by the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff Susan J. Alamo prays for judgment against defendants WATC, Boyd and Bates, jointly and severally, awarding her actual damages in the amount of $1,200.00, for punitive damages against defendants Boyd and Bates, jointly and severally, in the amount of $250,000.00, for her attorney fees and costs and for such other and further relief as the court deems proper.

Respectfully submitted,

AYESH LAW OFFICES

By: /s/ Ray E. Simmons_____
    Mark G. Ayesh, #10175
    Ray E. Simmons, #12296
    8100 East 22nd Street North
    Building 2300, Suite 2
    P. O. Box 781750
    Wichita, KS   67278-1750
    Telephone:  316-682-7381
    E-Mail: mayesh@ayesh.kscoxmail.com
                rsimmons@ayesh.kscoxmail.com
                *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

## DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.


By: /s/ Ray E. Simmons
    Ray E. Simmons, #12296